IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | |
| Plaintiff, | Civil Action No. |
| v. | |
| PROFESSIONAL FREEZING SERVICES, LLC | Jury Trial Demand |
| Defendant. | |

**COMPLAINT**

NATURE OF THE ACTION

This is an action under Title I of the Americans with Disabilities Act of 1990 ("ADA") and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices based on disability and to provide appropriate relief to William Harvel ("Harvel"), a qualified individual with a disability, who was adversely affected by such practices. Plaintiff, the U.S. Equal Employment Opportunity Commission ("EEOC"), alleges that Defendant, Professional Freezing Services, LLC ("Defendant"), violated the ADA by refusing to hire Harvel because of his disability.

JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 107(a) of the ADA, 42 U.S.C. § 12117(a), which incorporates by reference Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e-5(f)(1) and (3), and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

1

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Northern District of Illinois.

## PARTIES AND OTHER PERSONS

3. Plaintiff, the EEOC, is the agency of the United States of America charged with administering, interpreting and enforcing Title I of the ADA, and is expressly authorized to bring this suit by Section 107(a) of the ADA, 42 U.S.C. § 12117(a), which incorporates by reference Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

4. At all relevant times, Defendant has continuously been doing business in the Northern District of Illinois, and has continuously had at least 15 employees.

5. At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce within the meaning of Section 101(5) of the ADA, 42 U.S.C. § 12111(5), and Section 101(7) of the ADA, 42 U.S.C. § 12111(7), which incorporates by reference Sections 701(g) and (h) of Title VII, 42 U.S.C. §§ 2000e(g) and (h).

6. At all relevant times, Defendant has been a covered entity under Section 101(2) of the ADA, 42 U.S.C. § 12111(2).

## STATEMENT OF CLAIMS

7. More than 30 days before institution of this suit, Harvel filed a charge with the EEOC alleging that Defendant violated Title I of the ADA.

8. On March 15, 2013, EEOC found reasonable cause to determine that Defendant violated Title I of the ADA by refusing to hire Harvel because of his disability.

9. On March 15, 2013, the EEOC invited Defendant to engage in informal conciliation efforts to eliminate the practices found unlawful.

10. By letter dated April 5, 2013, EEOC informed Defendant that EEOC was unable to secure from Defendant a conciliation agreement acceptable to the Commission. All conditions precedent to the institution of this suit have been fulfilled.

11. Harvel suffers from an impairment, prostate cancer, that substantially limits him in the major life activities of normal cell growth, bowel functions and/or bladder functions, which constitutes a "disability" under Section 3 of Title I of the ADA, 42 U.S.C. § 12102.

12. Since at least January 2011, Defendant engaged in unlawful employment practices in violation of Section 102(a) of Title I of the ADA, 42 U.S.C. § 12112(a). Specifically, Defendant refused to hire Harvel because of his disability, prostate cancer.

13. At all relevant times, Harvel could perform the essential functions of a warehouse manager with or without a reasonable accommodation, thus rendering him a "qualified individual" within the meaning of Section 101(8) of Title I of the ADA, 42 U.S.C. § 12111(8). Defendant refused to hire Harvel in January 2011 despite his ability to perform the essential functions of his job.

14. The effect of the practices complained of in Paragraphs 12-13 above has been to deprive Harvel of equal employment opportunities and otherwise adversely affect his status as an employee because of his disability.

15. The unlawful employment practices complained of in Paragraphs 12-13 above were intentional.

16. The unlawful employment practices complained of in Paragraphs 12-13 above were done with malice or with reckless indifference to Harvel's federally protected rights.

PRAYER FOR RELIEF

Wherefore, the EEOC respectfully requests that this Court:

3

A. Grant a permanent injunction enjoining Defendant, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with it, from engaging in any employment practice which discriminates on the basis of disability.

B. Order Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for qualified individuals with disabilities, and which eradicate the effects of its past and present unlawful employment practices.

C. Order Defendant to make Harvel whole by providing appropriate backpay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices.

D. Order Defendant to make Harvel whole by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in Paragraphs 12-13 above, in amounts to be determined at trial.

E. Order Defendant to make Harvel whole by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of in Paragraphs 12-13 above, including, but not limited to, emotional pain, suffering, inconvenience, and mental anguish, in amounts to be determined at trial.

F. Order Defendant to pay Harvel punitive damages for its malicious and reckless conduct, as described in Paragraphs 12-13 above, in amounts to be determined at trial.

G. Grant such further relief as the Court deems necessary and proper in the public interest.

H. Award the EEOC its costs of this action.

## JURY TRIAL DEMAND

The EEOC requests a jury trial on all questions of fact raised by its complaint.

Date: June 5, 2013            Respectfully submitted,

P. DAVID. LOPEZ
General Counsel

JAMES L. LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

U.S. Equal Employment Opportunity Commission
131 M. Street, N.E.
Washington, D.C. 20507

/s/ John C. Hendrickson
John C. Hendrickson
Regional Attorney

/s/ Diane I. Smason
Diane I. Smason
Supervisory Trial Attorney

/s/ June Wallace Calhoun
June Wallace Calhoun
Trial Attorney

/s/ Brandi Davis
Brandi Davis
Trial Attorney

U.S. Equal Employment Opportunity Commission
Chicago District Office
500 West Madison Street, Suite 2000
Chicago, Illinois 60661
(312) 869-8103
June.calhoun@eeoc.gov