UNITED STATES DISCTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT ) <br> OPPORTUNITY COMMISSION, ) <br> ) <br> Plaintiff, ) <br> ) No. 13 C 4183 <br> v. ) <br> ) Chief Judge Rubén Castillo <br> PROFESSIONAL FREEZING ) <br> SERVICES, LLC, ) <br> ) <br> Defendant. ) | |

## MEMORANDUM OPINION AND ORDER

The Equal Employment Opportunity Commission ("EEOC") brings this suit against Professional Freezing Services, LLC ("Defendant"), alleging that Defendant refused to hire William Harvel on the basis of his disability in violation of Title I of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12101 *et seq.*, and Title I of the Civil Rights Act of 1991, 24 U.S.C. § 1981a. Presently before the Court is Defendant's motion to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). For the reasons set forth below, Defendant's motion is denied.

### BACKGROUND

William Harvel is an individual who suffers from prostate cancer. (R. 1, Compl. ¶ 11.) Despite this disability, Harvel was able to perform the essential functions of a warehouse manager at all times relevant to the events that give rise to this suit. (*Id.* ¶ 13.) Defendant is a business in the Northern District of Illinois that employs at least fifteen people. (*Id.* ¶ 4.) Harvel filed a charge of discrimination with the EEOC alleging that Defendant had violated Title I of the

ADA.[1] (*Id.* ¶ 7.) On March 15, 2013, the EEOC found reasonable cause to determine that Defendant had violated Title I of the ADA by refusing to hire Harvel because of his disability, and it invited Defendant to engage in informal conciliation efforts. (*Id.* ¶ 8-9.) On April 5, 2013, the EEOC informed Defendant by letter that an acceptable conciliation agreement had not been reached. (*Id.* ¶ 10.) The EEOC filed this action on June 5, 2013, alleging that Defendant intentionally deprived Harvel of equal employment opportunities in violation of Title I of the ADA by refusing to hire him on the basis of his disability. (*Id.* ¶¶ 12, 14, 15.) Defendant moved to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) on July 1, 2013. (R. 8, Def.'s Mot.) The EEOC filed its response on September 26, 2013, (R. 13, Pl.'s Resp.), and Defendant filed its reply on October 11, 2013, (R. 22, Def.'s Reply).

## LEGAL STANDARD

A motion under Rule 12(b)(6) "challenges the sufficiency of the complaint to state a claim upon which relief may be granted." *Hallinan v. Fraternal Order of Police of Chi. Lodge No. 7*, 570 F.3d 811, 820 (7th Cir. 2009). When reviewing a Rule 12(b)(6) motion to dismiss, the Court construes the complaint in the light most favorable to the nonmoving party, accepts all well-pleaded factual allegations as true, and draws all reasonable inferences in the non-movant's favor. *Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir. 2008). Pursuant to Rule 8(a)(2), a

---

[1] Although the EEOC did not attach Harvel's charge to its complaint, Defendant attached the charge, which is essential to many of Defendant's arguments, to its motion to dismiss. (R. 8-1, Ex. A, EEOC Charge.) Pursuant to Federal Rule of Civil Procedure 10(c), when ruling on a Rule 12(b)(6) motion to dismiss, the Court may consider "documents attached to a motion to dismiss . . . if they are referred to in the plaintiff's complaint and are central to his claim." *Wright v. Associated Ins. Cos. Inc.*, 29 F.3d 1244, 1248 (7th Cir. 1994). A charge of discrimination triggers the EEOC's investigation, but "need not be 'central' to the complaint, and consequently need not be considered part of it." *E.E.O.C. v. Concentra Health Servs., Inc.*, 496 F.3d 773, 778 (7th Cir. 2007). Here, Harvel's initial charge is not central to the EEOC's claims and is referred to in the complaint only because it "satisfies a statutory prerequisite to the EEOC's suit." *See id.*; (*see also* R. 1, Compl. ¶ 10) (alleging that "[a]ll conditions precedent to the institution of this suit have been fulfilled"). Consequently, the Court declines to consider the charge as part of the pleadings.

complaint must contain "a 'short and plain statement of the claim showing that the pleader is entitled to relief,' sufficient to provide the defendant with 'fair notice' of the claim and its basis." *Id.* (quoting Fed. R. Civ. P. 8(a)(2) and *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "Detailed factual allegations" are not required, but the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570).

## ANALYSIS

Defendant argues that the EEOC's claim must be dismissed pursuant to Rule 12(b)(6) on the ground that the complaint exceeds the scope of Harvel's charge. (R. 8, Def.'s Mot. ¶ 4.) Defendant contends that the complaint, which alleges that Defendant refused to hire Harvel on the basis of his disability "has little, if any, factual acquaintance with the underlying EEOC charge," in which Harvel alleged that he was hired by Defendant and then discriminated against. (*Id.* ¶ 2-4.) The EEOC argues that although Harvel filed a charge alleging that Defendant discriminated him in various ways after it hired him, the EEOC's investigation established reasonable cause to believe that Defendant instead discriminated against Harvel by refusing to hire him. (R. 13, Pl.'s Resp. at 1-2.) Defendant maintains that Seventh Circuit caselaw is clear in its requirement that an employment discrimination complaint must involve the same conduct as the underlying EEOC charge. (R. 8, Def.'s Mot. ¶ 5.) Defendant cites several cases to support its argument that a complaint that exceeds the scope of the underlying EEOC charge—by alleging different discriminatory conduct than the charge alleged, for example—must be dismissed. (*Id.* ¶¶ 5, 6, 8) (citing *Miller v. Am. Airlines, Inc.*, 525 F.3d 520, 525 (7th Cir. 2008); *Geldon v. S. Milwaukee Sch. Dist.*, 414 F.3d 817 (7th Cir. 2005); *Cheek v. W. & S. Life Ins. Co.*, 31 F.3d 497, 501 (7th Cir. 1994); *Schnellbaecher v. Baskin Clothing Co.*, 887 F.2d 124 (7th Cir.

3

1989); *Irby v. Bd. of Educ. of Chi.*, No. 10 CV 03832, 2011 WL 1526732 (N.D. Ill. Apr. 20, 2011)). Each of the cases Defendant cites, however, involves an individual plaintiff bringing suit after receiving a right to sue determination by the EEOC; none involves an action initiated by the EEOC. The legal distinction between these two types of lawsuits is well-settled, and certain requirements individual plaintiffs must meet before filing employment discrimination suits do not apply to actions brought by the EEOC. *E.E.O.C. v. Waffle House, Inc.*, 534 U.S. 279, 287-88 (2002) (discussing "the difference between the EEOC's enforcement role and an individual employee's private cause of action"); *see also E.E.O.C. v. Caterpillar, Inc.*, 409 F.3d 831, 832-33 (7th Cir. 2005) ("The difference between the two classes of case is that exhaustion of administrative remedies is an issue when the suit is brought by a private party but not when the Commission is the plaintiff.").

The requirement that individual plaintiffs must file suit within the scope of the initial EEOC charge "serves the dual purpose of affording the EEOC and the employer an opportunity to settle the dispute through conference, conciliation, and persuasion and of giving the employee some warning of the conduct about which the employee is aggrieved." *Cheek*, 31 F.3d at 500 (citing *Alexander v. Gardner-Denver Co.*, 415 U.S. 36, 44 (1974)) (internal citation omitted); *see also Miller*, 525 F.3d at 525 (holding that suits must be reasonably related to the charge in order to facilitate proper notice and conciliation efforts). As the Seventh Circuit reasoned in *Caterpillar*, "[w]ere the private party permitted to add claims that had not been presented in the administrative charge filed with the EEOC, the Commission's informal procedures for resolving discrimination charges would be by-passed, in derogation of the statutory scheme." 409 F.3d at 832 (citing 42 U.S.C. § 2000e-5(b); 29 CF.R. § 1601.24) (internal citations omitted). Such a procedural check is not necessary in suits where the EEOC itself is the plaintiff. *Id.*

The ADA "makes the EEOC the master of its own case," *Waffle House*, 534 U.S. at 291, and "a suit by the EEOC is not confined 'to claims typified by those of the charging party,'" *Caterpillar*, 409 F.3d at 833 (quoting *Gen. Tel. Co. v. EEOC*, 446 U.S. 318, 331 (1980)). Instead, the EEOC investigates the allegations in the charge and may bring suit based on any violations it ascertains in the course of its reasonable investigation. *Waffle House*, 534 U.S. at 291-92; *Caterpillar*, 409 F.3d at 833; 42 U.S.C. §2000e-5(f)(1). Defendant attempts to distinguish *Caterpillar*, noting that the EEOC's complaint in that case only contained "additional facts" discovered during its investigation, while the present complaint contains "wholly new facts, never before revealed during the charge stage." (R. 22, Def.'s Reply at 2.) This distinction is not meaningful. In the instant case, as in *Caterpillar*, the EEOC alleges that in the course of investigating the charge of discrimination, it found reasonable cause to determine that Defendant violated employment discrimination laws. Because the EEOC is charged with the enforcement of the ADA and is authorized to bring suit against employers that violate the statute without the participation of the complaining employee, *see Waffle House*, 534 U.S. at 291-92, Defendant's argument that the complaint is outside of the scope of the charge is meritless.

Defendant additionally argues that the complaint does not meet the notice pleading standard set forth in *Twombly*. (R. 8, Def.'s Mot. ¶ 9; R. 22, Def.'s Reply at 4.) Quoting *E.E.O.C. v. Concentra Health Services, Inc.*, 496 F.3d 773, 782 (7th Cir. 2007), Defendant argues that the EEOC is "hiding the ball" by pleading vague facts that constitute only a formulaic recitation of the elements of a cause of action and, in addition, are fabricated. (R. 22, Def.'s Reply at 4.) At this stage of the proceedings, the Court assumes that the EEOC appropriately screened Harvel's charge of discrimination and investigated the claims alleged in the complaint, and that all the allegations in the complaint are true. *See Iqbal*, 556 U.S. at 678-79; *Twombly*,

550 U.S. at 555. The complaint clearly alleges that Defendant refused to hire Harvel on the basis of his disability in violation of the ADA. (R. 1, Compl. ¶¶ 12-16.) The Seventh Circuit has consistently affirmed a "minimal pleading standard" for employment discrimination cases. *See Tamayo*, 526 F.3d at 1084 (citing *Concentra*, 496 F.3d at 781-82). Indeed, the Seventh Circuit indicated in *Concentra* that the complaint need only allege that Defendant refused to hire Harvel because of his disability. 496 F.3d at 781-82. The EEOC's complaint meets that standard and provides Defendant with sufficient notice as to the basis of its claims. Consequently, the Court finds no basis for dismissal of the complaint pursuant to Rule 12(b)(6).

## CONCLUSION

For the foregoing reasons, Defendant's motion to dismiss the complaint (R. 8) is DENIED. The parties are requested to fully exhaust all remaining settlement possibilities for this dispute prior to the next hearing.

ENTERED:

Chief Judge Rubén Castillo
United States District Court

Dated: December 3, 2013